46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Delmorris Clayton CLARK, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delmorris Clayton CLARK, Defendant-Appellant.
 Nos. 94-6179, 94-6189.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 The parties are familiar with the facts and issues in these consolidated appeals and we will not state them here. Mr. Clark entered a conditional plea of guilty, Fed.R.Crim.P. 11(a)(2), to all counts of two indictments charging him with possession of an unregistered firearm (silencer), 26 U.S.C. 5861(d), possession of a firearm (silencer) not identified by a serial number, 26 U.S.C. 5861(i), possession of amphetamine with intent to distribute, 21 U.S.C. 841(a)(1), and use of a firearm during the commission of a drug trafficking crime, 18 U.S.C. 924(c)(1). He now appeals from the denial of his motions to suppress. Our jurisdiction arises under 28 U.S.C. 1291, and we affirm.
 
 
 2
 In No. 93-6189, Mr. Clark contends that the district court should have suppressed a silencer found in the trunk of his car pursuant to an inventory search subsequent to an arrest for driving under the influence of drugs. In No. 93-6179, he contends that the district court should have suppressed evidence of amphetamines and firearms found in his home after a subsequent arrest because the application for the search warrant incorrectly stated that the arrest had occurred within the home (where drug paraphernalia and firearms were in plain view), when in fact the arrest occurred outside the home and Mr. Clark had instructed his female companion not to let the officers inside.
 
 
 3
 We review the district court's findings of fact concerning events precipitating a motion to suppress under the clearly erroneous standard; reasonableness under the fourth amendment is a question of law which we review de novo. United States v. Dirden, 38 F.3d 1131, 1139 (10th Cir.1994). "At a suppression hearing, the credibility of the witnesses and the weight to be given the evidence, together with the inferences to be drawn from that evidence, all are matters to be determined by the court." Id.
 
 
 4
 Regarding the inventory search, the district court found that the officer acted in accordance with established procedure in opening a partially unzipped duffel bag after he observed what appeared to be a firearm. This led to the discovery of the silencer, which was noted on the inventory form. Although the officer testified that he was inventorying the car pursuant to standard procedure, the vehicle impoundment regulations relied upon by the government, Aplee. Supp.App. at 43-44, contain no policy concerning the opening of closed containers. See Florida v. Wells, 495 U.S. 1, 4-5 (1990). The government argues that a written policy to inventory highly valuable property on an inventory sheet, together with the testimony of the officer that he was acting pursuant to a standardized procedure, is sufficient to sustain the district court's finding that the inventory search was entirely proper.
 
 
 5
 It is well established that police officers may search closed containers in an impounded vehicle pursuant to a sufficiently regulated inventory search. See Colorado v. Bertine, 479 U.S. 367, 374-75 (1987); United States v. Donnes, 947 F.2d 1430, 1437 (10th Cir.1991). The district court's finding that the officer was following a standardized procedure in inventorying the vehicle, as opposed to suspicion of criminal activity, is corroborated by the officer's testimony that he also inventoried a black bag behind the driver's seat containing a videocamera, videotape and a Mickey Mouse coloring book. Aplee. Supp.App. at 40, 63. Moreover, prior to the opening of the container in the trunk, the officer had inventoried an ammunition clip and some prescription drugs in bottles. Id. at 61. He then stopped his inventory to request a canine which alerted to a pipe containing marijuana. Id. at 62. At this point, the officer had probable cause to search the remainder of the car and its contents. California v. Acevedo, 500 U.S. 565, 580 (1991); United States v. Ross, 456 U.S. 798, 821 (1982). The search which revealed the silencer is supportable as an inventory search or a search pursuant to probable cause. The district court, after hearing the testimony and reviewing the documentary evidence, preferred the former alternative. Her underlying findings are not clearly erroneous.
 
 
 6
 Regarding the application for search warrant, the district court essentially determined upon an evidentiary hearing that the erroneous location of Mr. Clark's arrest contained in the affidavit was not a product of "deliberate falsehood or of reckless disregard for the truth." Franks v. Delaware, 438 U.S. 154, 171 (1978). In the alternative, the district court determined that the agents' acted in good faith reliance upon the warrant.
 
 
 7
 The district court certainly could find that the erroneous location contained in the affidavit was the product of negligence or innocent mistake. See id. Moreover, we have reviewed the warrant and even without the statement in question, it would be sufficient to support probable cause, given the plain view of the items associated with drug trafficking.
 
 
 8
 On conflicting testimony, the district court found that the agents gained entry into the residence based upon valid consent by Mr. Clark's female companion, rather than by force. Although no dispute exists that Mr. Clark instructed his female companion not to admit the agents, the district court discounted her testimony concerning the forced entry as not credible. Mr. Clark's directions to his companion would support an objectively reasonable belief that she could consent over Mr. Clark's objection. See Illinois v. Rodriguez, 497 U.S. 177, 188-89 (1990). Whether she did, was an issue for the trier of fact, an issue that was resolved against Mr. Clark. The district court's findings, heavily laden with credibility determinations, are not clearly erroneous.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument